## DR. HANS ZIMMERMAN *v.* EUGENE WEBER.

### No. 2663.

SUBMITTED APRIL 29, 1949.                    DECIDED APRIL 30, 1949.

#### KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* This case comes before the court on exceptions to the decision and judgment of the trial court granting a nonsuit against the plaintiff.

Prior to December 7, 1941, the plaintiff-appellant had been practicing his profession as a naturopathic physician in Honolulu. He had purchased equipment, some on conditional sales, from 1932 onwards from the corporation which the defendant represented. During October and November 1941, he had proceeded to re-equip new offices through the defendant from the company. He knew that defendant was acting as agent of the company. Plaintiff was interned at the outbreak of the war. He himself testified that he left his wife in charge of his office, that "she had my power of attorney." At the time of internment he knew that he owed defendant's company a large sum for new equipment, was furnished an itemized bill, intended to have his wife return certain items of the purchased equipment and sent instructions to his lawyer to that effect, so as to clear his bill by the value of the returned equipment. His wife, who had his power of attorney, was in consultation with his lawyer.

Plaintiff's wife admitted as a witness that she acted for her husband in full charge of his office under a power of attorney and had sought and obtained advice from his lawyer. The defendant, acting for his company and trying to collect the unpaid bill, sought to obtain the equip-

ment for which payment had not been made and agreed that the company would credit the unpaid bill for the value of the equipment repossessed. Whether or not the precise equipment had actually been sold under a conditional contract was disputed at the trial, but the defendant was then under the impression that it had been so sold. He represented to the plaintiff's wife that he wanted to repossess, assuming that the equipment was under such a contract, but he also agreed that all items which he did take for the company would be valued at their reasonable value and the plaintiff's bill would be reduced by such an amount.

Plaintiff's wife and the defendant met at the office of the plaintiff and the defendant was permitted by the wife to take the items of equipment, which were taken, on his assurance that his company would credit the bill accordingly. Thereafter an itemized statement, including the values given by defendant's company, was furnished to plaintiff's wife and defendant's company closed the account on the basis thereof. Subsequently, by 1945, defendant's principal went out of business and records were destroyed. The repossession and credit occurred early in the year 1942 and no dispute as to the credit given and the closing of the account thereon was raised until shortly before the plaintiff filed his action in replevin in March, 1946, in which he claimed that the defendant personally had converted the equipment taken in February of 1942.

On the conclusion of plaintiff's case, the trial court filed a decision, finding that the defendant had acted for and on behalf of the corporation, seller; that he had been permitted to remove the articles in question by the attorney in fact of the plaintiff who had been given an itemized statement for which she personally receipted, showing that the plaintiff had been completely credited with the value of all articles removed; that this amounted to an account

stated. On the basis of the decision, the court granted a nonsuit.

Plaintiff claims the trial court erred in finding that plaintiff's wife was plaintiff's attorney in fact under a general power of attorney. Agency was shown by plaintiff's admissions and his wife's testimony. If there was any limitation to her authority binding upon the defendant, it was the duty of plaintiff, not the defendant, to show it.[1] The trial court was not in error in his finding of agency.

Plaintiff claims that the trial court erred in relying upon the permission for taking granted by plaintiff's wife, on the ground that such permission rested upon a false representation that defendant's company was entitled to the property. At the time plaintiff rested, the testimony whether the equipment had actually been sold under a conditional contract or on an open account was vague and indefinite. But assuming, in plaintiff's favor, that the equipment had been sold on an open account, the substantial fact was that defendant, representing his company, primarily was negotiating to liquidate plaintiff's bill owing to his company. Plaintiff's wife knew and acquiesced in the purpose of such taking. Defendant agreed with her to have the company account for the value of all items taken. The company did so account, liquidating plaintiff's bill in full. Plaintiff failed to show that defendant took any advantage in that connection that could now be distorted into a finding of deceit and fraud. Whether his company had an absolute right of repossession under a contract or he was merely carrying out the purpose of aiding in liquidating the plaintiff's debt to defendant's company by retaking for it items of equip-

---

[1] American Hominy Co. v. Milliken Nat. Bank [Ill.], 273 F. 550; Witcher v. McPhee, 16 Colo. App. 298, 65 P. 806; 2 C. J. p. 926, n. 27, p. 929, n. 70 [b].

ment that had not been paid for and crediting their value to the plaintiff becomes immaterial. Plaintiff's wife, acting as plaintiff's agent in charge, granted permission to take in order to secure the ultimate result. Her acts were the acts of her principal. Hence there was no wrongful taking without consent to support replevin. Moreover, the defendant's company accounted with her and that account so stated stood undisputed for four years. Such a situation of fact is entirely distinguishable from that existing in the cases cited by plaintiff-appellant. The nonsuit was properly granted.

Exceptions overruled.

*B. Houston* for plaintiff.

*T. Waddoups* for defendant.